Woolery v. Whitaker

BIA
Straus, IJ
A077 723 161

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand nineteen.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

SYLVAN JAMES WOOLERY,
> *Petitioner,*

v.

MATTHEW G. WHITAKER, ACTING UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

17-1675
NAC

| | |
|---|---|
| FOR PETITIONER: | Gregory Osakwe, Hartford, CT. |
| FOR RESPONDENT: | Chad A. Readler, Acting Assistant Attorney General; Margaret Kuehne Taylor, Senior Litigation Counsel; Elizabeth K. Fitzgerald-Sambou, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sylvan James Woolery, a native and citizen of Jamaica, seeks review of an April 26, 2017, decision of the BIA affirming the March 9, 2016, decision of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Sylvan James Woolery,* No. A077 723 161 (B.I.A. Apr. 26, 2017), *aff'g* No. A077 723 161 (Immig. Ct. Hartford Mar. 9, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The only issues before us are whether Woolery established his eligibility for withholding of removal or CAT relief. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The agency did not err in finding that Woolery failed to establish his eligibility for withholding of removal or CAT relief based on

his claim that he was shot in Jamaica in 1992 and that he fears gang violence in that country.

To establish eligibility for withholding of removal, an applicant must show that any harm suffered was on account "of the [applicant's] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1)(i). We treat Woolery's claim that he established his membership in a particular social group as exhausted. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005) ("[W]e have never held that a petitioner is limited to the exact contours of his argument below."). Nevertheless, Woolery did not provide any details regarding his group membership and he did not know who shot him or why. Accordingly, the agency did not err in finding that he failed to establish that he suffered past persecution on account of his membership in a particular social group or any other protected ground. *See* 8 U.S.C. § 1231(b)(3)(A); *see also In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (BIA 2007); *cf. Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped

3

away from considering those people a 'particular social group' . . . .").

The agency also did not err in finding that Woolery failed to demonstrate a likelihood of persecution or torture so as to establish his eligibility for withholding of removal and CAT relief. *See* 8 C.F.R. § 1208.16(b)(2), (c)(2). He did not identify any individual or group interested in targeting him in Jamaica. *See id.; see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best"). Insofar as Woolery fears general violence in Jamaica, such conditions, while unfortunate, are insufficient to satisfy his burden for withholding of removal or CAT relief. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (holding that beyond general country conditions evidence demonstrating incidents of torture in a country, an applicant for CAT relief must provide some evidence "that someone in his particular alleged circumstances is more likely than not to be tortured." emphasis omitted)); *Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999) (noting that general violence does not

4

establish a well-founded fear of persecution absent evidence showing a particular risk to the applicant).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court